# EXHIBIT A

FILE #124578-01/seh

DATE OF FILING:
INDEX #:

Plaintiff designates
Westchester County
as the place of trial.

The basis of venue is:
Location of Defendant Store

Plaintiff resides at:
41 Nampaugh Road
Putnam Valley, NY 1579
County of Putnam

SUPREME COURT STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X
JOHN POWERS,

                                        Plaintiff,

                    -against-                                          SUMMONS

BLACK & DECKER (U.S.) INC., DEWALT INDUSTRIAL
TOOL  COMPANY and HOME DEPOT
U.S.A., INC.,

                                        Defendants.
----------------------------------------------------------------X
To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the Plaintiff's Attorney(s) within –20- days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New York); and in case
of your failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff(s)
1279 Route 300
P. O. Box 1111
Newburgh, New York 12551
845-562-0203

_____
DAVID D. AKERIB, ESQ., Of Counsel

Dated: 5/16/2024
DEFENDANT'S ADDRESS:
SEE VERIFIED COMPLAINT

File #: 124578-01/seh

SUPREME COURT OF NEW YORK
COUNTY OF WESTCHESTER
_____x
JOHN POWERS,

     Plaintiff,

   -against-

BLACK & DECKER (U.S.) INC.,
DEWALT INDUSTRIAL TOOL
COMPANY and HOME DEPOT
U.S.A., INC.,

     Defendants.
_____x

           VERIFIED COMPLAINT

The plaintiff, JOHN POWERS, by attorneys FINKELSTEIN & PARTNERS, LLP, as

and for the Verified Complaint, herein allege the following:

1.   That at all times hereinafter mentioned, the plaintiff was and still is a resident of

the County of Putnam, State of New York.

2.  Upon information and belief, Defendants BLACK AND DECKER (U.S.) INC. and

DEWALT INDUSTRIAL COMPANY (hereinafter "DEWALT") are Maryland corporations

with their principal place of business at 701 East Joppa Road, Towson, Maryland 21286.

BLACK AND DECKER (U.S.) INC. and DEWALT design, manufacture, distribute and sell

power tools under the BLACK & DECKER and DEWALT trade names.

3.  Upon information and belief, HOME DEPOT is a Delaware corporation, maintaining

its principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia.  HOME DEPOT has

named Corporation Service Company of 80 State Street, Albany, New York as its registered

agent for service of process in the State of New York.

4. This is an action for damages arising from the severe and disfiguring personal injuries suffered by the plaintiff, JOHN POWERS, while operating a table saw designed, manufactured, sold and/or distributed by the Defendants BLACK AND DECKER (U.S.) INC., DEWALT INDUSTRIAL TOOL COMPANY, and HOME DEPOT U.S.A., (INC.). ("Home Depot") (collectively, "Defendants")

## JURISDITION & VENUE

5. This Court has personal jurisdiction over the Defendants because Plaintiff's claims arise from BLACK & DECKER (U.S.), INC., and DEWALT:

i.       Transacting business within the State of New York;

ii.      Contracting to supply goods or services in the State of New York;

iii.     Committing a tortious act outside the State of New York that caused injury to a person within the State of New York and regularly doing or soliciting business and engaging in other persistent courses of conduct in the State of New York, and deriving substantial revenue for goods used or consumed in the State of New York.

6. This Court has personal jurisdiction over Home Depot because Home Depot is authorized to do business and is doing business, in the State of New York.

7. The venue is proper in this court pursuant to NY CPLR § 503 (2022) as "a substantial part of the events or omissions giving rise to the claim occurred" namely the plaintiff's purchase of the Subject Saw and plaintiff's subsequent medical treatment.

## FACTUAL BACKGROUND

8. Upon information and beliefs, at times prior to May 19, 2021, Defendants BLACK AND DECKER (U.S.) INC. and DEWALT were the designers, manufacturers, testers, suppliers, sellers and/or distributors of a DEWALT DWE7480, serial number 2014 52-CT111135,

2

(hereinafter the "Subject Saw") and had distributed, supplied and/or sold the Subject Saw in New York.

9.  At some time prior to May 19, 2021, Defendants BLACK AND DECKER (U.S.) INC. and/or DEWALT distributed, supplied and/or sold the Subject Saw to Defendant HOME DEPOT U.S.A., INC.

10.  On or about April 18, 2015, the Plaintiff, JOHN POWERS, purchased the Subject Saw from Defendant HOME DEPOT U.S.A., INC. in Mohegan Lake, New York, Town of York and in the County of Westchester

11.  On or about May 19, 2021, the Plaintiff John Powers, was using the Subject Saw to make a notch cut on a pressure treated piece of wood that was approximately ten inches long when it suddenly and without warning caused the workpiece to kick back, pulling the plaintiff's left hand directly onto the top of the Subject Saw's blade and severing his left thumb and ring finger and lacerating his left index and middle fingers.  At the time of the incident, the plaintiff was an intended user and used the Subject Saw for its intended and foreseeable use.

12.  For more than a decade technology has been available that would stop a power tool saw blade almost instantly upon contact with human flesh, thereby avoiding traumatic injury like that suffered by Plaintiff.

13.  In or around November 2000, at a meeting of the Power Tool Institute, Inc. (hereinafter "PTI"), of which Defendant BLACK AND DECKER (U.S.) INC. is a member, said defendant was made aware of technology that detects when human flesh touches the spinning blade of a table saw, and once contact is detected, stops the table saw blade almost instantly.  At the time of the demonstration, the inventor of the flesh detection and braking technology offered to make the technology available to said defendant through a licensing agreement.  Said

3

defendant chose not to utilize this technology and instead joined with other table saw manufacturers through PTI to form a joint venture, ostensibly to develop their own flesh detection and braking technology. Defendants, however, have continued to sell table saws without this available technology.

14.  Defendant, BLACK AND DECKER (U.S.) INC., acting through PTI, has also actively lobbied the Consumer Protection Safety Commission (hereinafter "CPSC") to prevent the adoption of flesh detection systems as safety standard on table saws.

15.  Defendants failed to pursue licensing and use of this available, safer flesh detection technology, and failed to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh.

16.  The Subject Saw does not incorporate the flesh detection and braking technology, or other comparable safety technology.

17.  The Subject Saw, like all table saws sold in the United States, is required to be sold with a blade guard. For many years, Defendants' table saws were equipped with three-in-one blade guard systems that were extremely difficult to use and that had to be removed for a user to make certain types of cuts. As a result of these inadequacies, defendants were well aware that the vast majority of users removed the guards and operated their saws without any guard whatsoever. Although Defendant, subsequently changed the guard system on their saws, users have continued to not use the guard system. Defendants are well aware of this phenomenon, and yet have done nothing to implement flesh detection or similar technology that would prevent users from suffering serious injury when using a saw without a guard in place.

4

18.  As a result of a recent change in industry-wide guarding standards, the Subject Saw was designed to equipped with a modular guard system using a rise and fall riving knife and a separate, removable blade guard.

19.  Yet, the defendants failed to educate its consumers regarding the changed modular guard and the benefits of the new modular guard.  Specifically, the defendants failed to educate its consumers regarding the riving knife or splitter which is contained in the new modular guard.  A riving knife is a small piece of metal that sits behind the blade and rises and falls with the blade.  Even if the guard is removed, the riving knife remains in place, substantially reducing or eliminating kickbacks.

20.  Plaintiff has previously used the prior table saws with the three-in-one guard system and was familiar with the fact that the guard had to be removed for certain cuts and was difficult to re-install.  He was unaware that the riving knife on the modular guard could remain and prevent kickbacks.

21.  The Subject Saw was expected to reach and did reach the hands of the Plaintiff, JOHN POWERS, without substantial change in the condition it was designed, manufactured, distributed and sold.

22.   The Subject Saw was used in the manner reasonably anticipated by the defendants.

23.   The defendants knew that the subject saw would be used without inspection for defects and represented that it could be safely used and would be fit for the ordinary purpose for which it was purchased.

## COUNT I
## NEGLIGENCE V BLACK AND DECKER (U.S.), INC.

5

24. Defendant, BLACK AND DECKER (U.S.) INC., is legally responsible to the plaintiff, JOHN POWERS, for his personal injuries and damages and the plaintiff's injuries and damages were proximately caused by the acts and/or omissions of said defendant in one or more of the following respects:

ii. In that said defendant designed, manufactured, distributed, assembled, marketed, constructed and sold the Subject Saw in a defective and dangerous condition in that it could not be used without an unreasonable risk of injury to users of same;

iii. In that the Subject Saw was distributed and sold in a defective condition as herein described that was unsafe for its intended use and unreasonably dangerous to the Plaintiff who foreseeably used said product;

iv. In that the Subject Saw was by reason of its defective condition as herein described, unsafe and unfit for its ordinary and represented uses and purposes which constituted a breach of express and implied warranties by said defendant, its agents, servants and/or employees;

v. In promoting, marketing, selling and/or supplying the Subject Saw, the said defendants expressly and impliedly warranted that the Subject Saw was merchantable and fit for the particular purpose for which it was intended and that the Subject Saw was free from any defects and that its component parts were in a good, safe and efficient condition and the Plaintiff, JOHN POWERS, relied upon those warranties were breached by said defendants in that the Subject Saw was defective and dangerous, and not of merchantable quality and not fit or safe for the particular purposes for which it was intended;

6

vi.    In addition to the defects described above and herein, said Defendant's Subject Saw was defective by design and/or warning due to Defendant's negligence and/or their product's unreasonably dangerous condition from the following additional acts and/or omissions:

i.    The failure to design, manufacture, fabricate, assemble, sell and/or distribute the Subject Saw with reasonable care;

ii.    The failure to properly or adequately test and/or inspect this product to determine whether it could be used without causing serious injuries and/or without any condition that rendered it unsafe for said uses;

iii.    The failure to incorporate on the subject product proper and adequate safety features and devices including proper or adequate safety guards, a proper or adequate braking system and/or warnings, components, thereto and features necessary to prevent the product from injuring its users and operators and/or to minimize such injuries;

iv.    The failure to incorporate on the subject product proper and/or appropriate guards and safety devices to prevent or minimize injury to its users and operators;

v.    The failure to properly instruct and/or warn as to the proper safety devices and procedures which could be used with the subject product.

vi.    The failure to provide proper and adequate warnings and/or instructions as to the safe manner, method and means for which this subject product should be used or not be used;

vii.    The failure to warn or adequately warn Plaintiff of the dangers and risks associated with the subject product, which Defendant knew or should have known, before and after the sale of the subject product, but before Plaintiff's injury, including but not limited to the increased risk of kickbacks from the saw when the riving knife is not attached;

7

viii.    The failure to properly equip the Subject Saw with proper or adequate safety devices and other components which would prevent and/or minimize injuries to the product's users during the foreseeable and/or intended uses of the product;

ix.    Such other negligence, defects and/or wrongdoing as shall be established through discovery and/or at trial;

x.    The failure to incorporate a proper or adequate blade braking system;

xi.    The failure to supply and/or sell the product with all feasible safety features necessary to make it safe for its use by users and operators;

xii.    The failure to incorporate on said product a blade-breaking device which would stop the blade upon human contact to minimize injury to the product's users and/or operators;

xiii.    The failure to incorporate feasible safety devices that made Defendant's saw product as safe as possible for use;

xiv.    The failure to design, manufacture, sell or distribute the product with proper or adequate flesh detection system;

vii.    In that said defendant represented to consumers, including the Plaintiff, upon which they relied, that the Subject Saw was safe for purchase and use by consumers, including the Plaintiff, for the purposes intended and said defendants knew or should have known said representations were false and were being relied upon by consumers, including the Plaintiff;

viii.    In that said, defendant intentionally, recklessly and/or negligently made said representations for the purposes of inducing consumers like the Plaintiff to purchase the Subject saw and put it to use.

8

ix.    In that said defendant, as set forth above, recklessly disregarded the safety of the product users, including the Plaintiff which resulted in the injuries to the Plaintiff;

i.    Prior to the sale of the Subject Saw the said defendant had actual knowledge of the defective condition of the Subject Saw, as previously set forth.  Despite its knowledge that the Subject Saw was unsafe and defective, the said defendant, consciously, intentionally, willfully, wantonly and with complete disregard for the safety of the public and for pure economic gain;

1.    Failed to issue a recall;

2.    Failed to warn the public of the defective condition of the Subject Saw;

3.    Failed to correct the defects; and

4.    Continued to manufacture, distribute and sell the Subject Saw

ii.    By knowingly and intentionally manufacturing, marketing and selling the Subject Saw which the said defendant knew to contain such defects, said defendant, exhibited a callous, outrageous and continuing disregard of public safety, and the past and continuing outrageous conduct by said defendant warrants an award of punitive damages in this case.

iii.    The said defendant's conduct was intentional, willful, wanton, reckless, conscious and done with complete disregard for the safety of the Plaintiff, JOHN POWERS, and the public.  Accordingly, the Plaintiff is entitled to recover punitive damages from said defendant to punish them and to discourage them and others from similar conduct in the future, in addition to compensatory damages.  The award of punitive damages should be in such an unliquidated sum as will accomplish this objective.

9

Case 7:24-cv-05124-CS    Document 1-1    Filed 07/05/24    Page 12 of 24

25. As a result of the aforementioned incident, the Plaintiff, JOHN POWERS, suffered the following injuries, some or all of which are permanent in nature;

  x.    Laceration to left index finger;

  xi.   Laceration to left middle finger;

  xii.  Amputation of left thumb; and

  xiii. Amputation of left ring finger to the metacarpophalangeal joint.

26. As a further result thereof, the Plaintiff has suffered and will suffer great pain and mental anguish. He has been unable and never will be able to get about as a well person, and he has been, and will be restricted on all his activities. He has been and will be deprived of many of the usual pleasures, pursuits, diversions, recreations of life, and has had to, and will have to, give up many physical pursuits.

27. As a further result thereof, the Plaintiff has incurred, and will incur, expenses for hospital care, medical and surgical care and attention, physical therapy, medicines, x-rays, supplies, etc. and he has sustained and will sustain, a loss of earnings and earning capacity.

WHEREFORE, the Plaintiff claims:

  1. Compensating damages;

  2. Punitive damages; and

  3. Such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE V. DEWALT INDUSTRIAL TOOL COMPANY

28. Defendant, DEWALT INDUSTRIAL TOOL COMPANY is legally responsible to the plaintiff, JOHN POWERS, for his personal injuries and damages and the plaintiff's injuries and

10

damages were proximately caused by the acts and/or omissions of said defendant in one or more of the following respects:

      a.   In that said defendant designed, manufactured, distributed, assembled, marketed, constructed and sold the Subject Saw in a defective and dangerous condition in that it could not be used without an unreasonable risk of injury to users of same;

      b.   In that the Subject Saw was distributed and sold in a defective condition as herein described that was unsafe for its intended use and unreasonably dangerous to the Plaintiff who foreseeably used said product;

      c.   In that the Subject Saw was by reason of its defective condition as herein described, unsafe and unfit for its ordinary and represented uses and purposes which constituted a breach of express and implied warranties by said defendant, its agents, servants and/or employees;

      d.   In promoting, marketing, selling and/or supplying the Subject Saw, the said defendants expressly and impliedly warranted that the Subject Saw was merchantable and fit for the particular purpose for which it was intended and that the Subject Saw was free from any defects and that its component parts were in a good, safe and efficient condition and the Plaintiff, JOHN POWERS, relied upon those warranties were breached by said defendants in that the Subject Saw was defective and dangerous, and not of merchantable quality and not fit or safe for the particular purposes for which it was intended;

      e.   In addition to the defects described above and herein, said Defendant's Subject Saw was defective by design and/or warning due to Defendant's negligence and/or their product's unreasonably dangerous condition from the following additional acts and/or omissions:

11

i.   The failure to design, manufacture, fabricate, assemble, sell and/or distribute the Subject Saw with reasonable care;

ii.   The failure to properly or adequately test and/or inspect this product to determine whether it could be used without causing serious injuries and/or without any condition that rendered it unsafe for said uses;

iii.   The failure to incorporate on the subject product proper and adequate safety features and devices including proper or adequate safety guards, a proper or adequate braking system and/or warnings, components, thereto and features necessary to prevent the product from injuring its users and operators and/or to minimize such injuries;

iv.   The failure to incorporate on the subject product proper and/or appropriate guards and safety devices to prevent or minimize injury to its users and operators;

v.   The failure to properly instruct and/or warn as to the proper safety devices and procedures which could be used with the subject product.

vi.   The failure to provide proper and adequate warnings and/or instructions as to the safe manner, method and means for which this subject product should be used or not be used;

vii.   The failure to warn or adequately warn Plaintiff of the dangers and risks associated with the subject product, which Defendant knew or should have known, before and after the sale of the subject product, but before Plaintiff's injury, including but not limited to the increased risk of kickbacks from the saw when the riving knife is not attached;

viii.   The failure to properly equip the Subject Saw with proper or adequate safety devices and other components which would prevent and/or minimize injuries to the product's users during the foreseeable and/or intended uses of the product;

12

ix.  Such other negligence, defects and/or wrongdoing as shall be established through discovery and/or at trial;

x.  The failure to incorporate a proper or adequate blade braking system;

xi.  The failure to supply and/or sell the product with all feasible safety features necessary to make it safe for its use by users and operators;

xii.  The failure to incorporate on said product a blade-breaking device which would stop the blade upon human contact to minimize injury to the product's users and/or operators;

xiii.  The failure to incorporate feasible safety devices that made Defendant's saw product as safe as possible for use;

xiv.  The failure to design, manufacture, sell or distribute the product with proper or adequate flesh detection system;

f.  In that said defendant represented to consumers, including the Plaintiff, upon which they relied, that the Subject Saw was safe for purchase and use by consumers, including the Plaintiff, for the purposes intended and said defendants knew or should have known said representations were false and were being relied upon by consumers, including the Plaintiff;

g.  In that said, defendant intentionally, recklessly and/or negligently made said representations for the purposes of inducing consumers like the Plaintiff to purchase the Subject saw and put it to use.

h.  In that said defendant, as set forth above, recklessly disregarded the safety of the product users, including the Plaintiff which resulted in the injuries to the Plaintiff;

i.  Prior to the sale of the Subject Saw the said defendant had actual knowledge of the defective condition of the Subject Saw, as previously set forth. Despite its

13

knowledge that the Subject Saw was unsafe and defective, the said defendant, consciously, intentionally, willfully, wantonly and with complete disregard for the safety of the public and for pure economic gain;

> 1. Failed to issue a recall;
>
> 2. Failed to warn the public of the defective condition of the Subject Saw;
>
> 3. Failed to correct the defects; and
>
> 4. Continued to manufacture, distribute and sell the Subject Saw

ii. By knowingly and intentionally manufacturing, marketing and selling the Subject Saw which the said defendant knew to contain such defects, said defendant, exhibited a callous, outrageous and continuing disregard of public safety, and the past and continuing outrageous conduct by said defendant warrants an award of punitive damages in this case.

iii. The said defendant's conduct was intentional, willful, wanton, reckless, conscious and done with complete disregard for the safety of the Plaintiff, JOHN POWERS, and the public. Accordingly, the Plaintiff is entitled to recover punitive damages from said defendant to punish them and to discourage them and others from similar conduct in the future, in addition to compensatory damages. The award of punitive damages should be in such an unliquidated sum as will accomplish this objective.

29. As a result of the aforementioned incident, the Plaintiff, JOHN POWERS, suffered the following injuries, some or all of which are permanent in nature;

> a. Laceration to left index finger;
>
> b. Laceration to left middle finger;
>
> c. Amputation of left thumb; and

14

d.  Amputation of left ring finger to the metacarpophalangeal joint.

30.  As a further result thereof, the Plaintiff has suffered and will suffer great pain and mental anguish.  He has been unable and never will be able to get about as a well person, and he has been, and will be restricted on all his activities.  He has been and will be deprived of many of the usual pleasures, pursuits, diversions, recreations of life, and has had to, and will have to, give up many physical pursuits.

31.  As a further result thereof, the Plaintiff has incurred, and will incur, expenses for hospital care, medical and surgical care and attention, physical therapy, medicines, x-rays, supplies, etc. and he has sustained and will sustain, a loss of earnings and earning capacity.

WHEREFORE, the Plaintiff claims:

1.  Compensating damages;

2.  Punitive damages; and

3.  Such other relief as the Court deems proper.

## COUNT III
## NEGLIGENCE V. HOME DEPOT U.S.A., INC.

32.  Defendant, HOME DEPOT U.S.A., INC. is legally responsible to the plaintiff, JOHN POWERS, for his personal injuries and damages and the plaintiff's injuries and damages were proximately caused by the acts and/or omissions of said defendant in one or more of the following respects:

a.  In that said defendant designed, manufactured, distributed, assembled, marketed, constructed and sold the Subject Saw in a defective and dangerous condition in that it could not be used without an unreasonable risk of injury to users of same;

15

b.    In that the Subject Saw was distributed and sold in a defective condition as herein described that was unsafe for its intended use and unreasonably dangerous to the Plaintiff who foreseeably used said product;

c.    In that the Subject Saw was by reason of its defective condition as herein described, unsafe and unfit for its ordinary and represented uses and purposes which constituted a breach of express and implied warranties by said defendant, its agents, servants and/or employees;

d.    In promoting, marketing, selling and/or supplying the Subject Saw, the said defendants expressly and impliedly warranted that the Subject Saw was merchantable and fit for the particular purpose for which it was intended and that the Subject Saw was free from any defects and that its component parts were in a good, safe and efficient condition and the Plaintiff, JOHN POWERS, relied upon those warranties were breached by said defendants in that the Subject Saw was defective and dangerous, and not of merchantable quality and not fit or safe for the particular purposes for which it was intended;

e.    In addition to the defects described above and herein, said Defendant's Subject Saw was defective by design and/or warning due to Defendant's negligence and/or their product's unreasonably dangerous condition from the following additional acts and/or omissions:

i.    The failure to design, manufacture, fabricate, assemble, sell and/or distribute the Subject Saw with reasonable care;

ii.    The failure to properly or adequately test and/or inspect this product to determine whether it could be used without causing serious injuries and/or without any condition that rendered it unsafe for said uses;

16

iii.      The failure to incorporate on the subject product proper and adequate safety features and devices including proper or adequate safety guards, a proper or adequate braking system and/or warnings, components, thereto and features necessary to prevent the product from injuring its users and operators and/or to minimize such injuries;

iv.      The failure to incorporate on the subject product proper and/or appropriate guards and safety devices to prevent or minimize injury to its users and operators;

v.      The failure to properly instruct and/or warn as to the proper safety devices and procedures which could be used with the subject product.

vi.      The failure to provide proper and adequate warnings and/or instructions as to the safe manner, method and means for which this subject product should be used or not be used;

vii.      The failure to warn or adequately warn Plaintiff of the dangers and risks associated with the subject product, which Defendant knew or should have known, before and after the sale of the subject product, but before Plaintiff's injury, including but not limited to the increased risk of kickbacks from the saw when the riving knife is not attached;

viii.      The failure to properly equip the Subject Saw with proper or adequate safety devices and other components which would prevent and/or minimize injuries to the product's users during the foreseeable and/or intended uses of the product;

ix.      Such other negligence, defects and/or wrongdoing as shall be established through discovery and/or at trial;

x.      The failure to incorporate a proper or adequate blade braking system;

xi.      The failure to supply and/or sell the product with all feasible safety features necessary to make it safe for its use by users and operators;

17

xii.    The failure to incorporate on said product a blade-breaking device which would stop the blade upon human contact to minimize injury to the product's users and/or operators;

xiii.    The failure to incorporate feasible safety devices that made Defendant's saw product as safe as possible for use;

xiv.    The failure to design, manufacture, sell or distribute the product with proper or adequate flesh detection system;

f.    In that said defendant represented to consumers, including the Plaintiff, upon which they relied, that the Subject Saw was safe for purchase and use by consumers, including the Plaintiff, for the purposes intended and said defendants knew or should have known said representations were false and were being relied upon by consumers, including the Plaintiff;

g.    In that said, defendant intentionally, recklessly and/or negligently made said representations for the purposes of inducing consumers like the Plaintiff to purchase the Subject saw and put it to use.

h.    In that said defendant, as set forth above, recklessly disregarded the safety of the product users, including the Plaintiff which resulted in the injuries to the Plaintiff.

i.    Prior to the sale of the Subject Saw the said defendant had actual knowledge of the defective condition of the Subject Saw, as previously set forth.  Despite its knowledge that the Subject Saw was unsafe and defective, the said defendant, consciously, intentionally, willfully, wantonly and with complete disregard for the safety of the public and for pure economic gain;

1.    Failed to issue a recall;

18

2. Failed to warn the public of the defective condition of the Subject Saw;

3. Failed to correct the defects; and

4. Continued to manufacture, distribute and sell the Subject Saw

ii. By knowingly and intentionally manufacturing, marketing and selling the Subject Saw which the said defendant knew to contain such defects, said defendant, exhibited a callous, outrageous and continuing disregard of public safety, and the past and continuing outrageous conduct by said defendant warrants an award of punitive damages in this case.

iii. The said defendant's conduct was intentional, willful, wanton, reckless, conscious and done with complete disregard for the safety of the Plaintiff, JOHN POWERS, and the public. Accordingly, the Plaintiff is entitled to recover punitive damages from said defendant to punish them and to discourage them and others from similar conduct in the future, in addition to compensatory damages. The award of punitive damages should be in such an unliquidated sum as will accomplish this objective.

33. As a result of the aforementioned incident, the Plaintiff, JOHN POWERS, suffered the following injuries, some or all of which are permanent in nature;

a. Laceration to left index finger;

b. Laceration to left middle finger;

c. Amputation of left thumb; and

d. Amputation of left ring finger to the metacarpophalangeal joint.

34. As a further result thereof, the Plaintiff has suffered and will suffer great pain and mental anguish. He has been unable and never will be able to get about as a well person, and he has been, and will be restricted on all his activities. He has been and will be deprived of many of

19

the usual pleasures, pursuits, diversions, recreations of life, and has had to, and will have to, give up many physical pursuits.

35.  As a further result thereof, the Plaintiff has incurred, and will incur, expenses for hospital care, medical and surgical care and attention, physical therapy, medicines, x-rays, supplies, etc. and he has sustained and will sustain, a loss of earnings and earning capacity.

WHEREFORE, the Plaintiff claims:

1.  Compensating damages;

2.  Punitive damages; and

3.  Such other relief as the Court deems proper.

Dated:  5/16/2024

Yours, etc.,

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff
Office & P.O. Address
1279 Route 300
P.O. Box 1111
Newburgh, New York 12551

BY: _____
       DAVID D. AKERIB, ESQ., Of Counsel

20

INDEX NO. 62529/2024
RECEIVED NYSCEF: 05/16/2024

TO:    DEWALT INDUSTRIAL TOOL COMPANY
Defendant
701 East Joppa Road
Towson, Maryland 21286

BLACK & DECKER (U.S.) INC.
Defendant
c/o Secretary of State
1 Commerce Plaza
Albany, New York 12231

HOME DEPOT U.S.A., INC.,
Defendant
c/o Secretary of State
1 Commerce Plaza
Albany, New York 12231

21

STATE OF NEW YORK, COUNTY OF ORANGE     ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff. I have read the annexed Verified Complaint know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Facts and information contained in deponent's file. The reason I make this affirmation instead of the plaintiff is because the plaintiff resides outside of county where deponent maintains his office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: 5/16/2024

_David Akerib_
_____
DAVID D. AKERIB, ESQ., Of Counsel

22