UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN POWERS,                                    Docket No.: 24 CV 05124(CS)

       Plaintiff,

 -against-                                      **STIPULATED ORDER OF**
              **<u>CONFIDENTIALITY</u>**

BLACK & DECKER (U.S.) INC., AND HOME
DEPOT U.S.A., INC.

       Defendants.
------------------------------------------------------------------x

   In order to preserve and maintain the confidentiality of protected confidential, commercial and proprietary information to be produced by the parties in this action, in particular any engineering drawings, blue prints, diagrams and drawings, testing data, names of tests, testing protocols and/or other documents and information provided by Defendants, it is hereby stipulated and agreed by the parties through their respective counsel, subject to the approval of the Court, that the following Stipulation Order of Confidentiality ("Order") be So-ordered:

   1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under the F.R.C.P. and Local Rules. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or

6685794-1

testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO CONSENT PROTECTIVE ORDER" (hereinafter "Confidential").

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraphs 3 and 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained for purposes of this action, provided they have signed an Affidavit in the form attached hereto as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and court personnel;

    e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

    f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, members of a document review team, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided the vendor's representative and/or each member of the document review team has signed an Affidavit in the form

6685794-1

     attached hereto as Exhibit A, which counsel for the party retaining the vendor(s) shall be obligated to retain and make available to all other parties and/or their counsel upon request; and

  g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

  4. Confidential materials shall be used only by individuals permitted to access it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and less (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure. As the Confidential material may only be disclosed to those individuals described in paragraph 3 above, such protected Confidential materials may not be posted on any website or internet accessible document repository, including the Court's ECF system.

  5. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party receiving the transcript shall have until thirty (30) days after receipt of the final deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 3(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 3(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that portion of the transcript in accordance with Paragraphs 3 and 4.

6685794-1

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days after receipt of the objection, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court by letter and request a conference, in accordance with the Court's Individual Rules of Practice The document or information that is the subject of the filing shall be treated as "Confidential" pending resolution of the dispute before the Court.

7. If the need arises during trial or at any proceedings before the Court for any party to disclose Confidential material or information, it may do so only after giving notice to the producing party, and as directed by the Court.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be

6685794-1

deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Stipulated Order of Confidentiality.

9. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with the F.R.C.P., Local Rules and applicable case law. Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving the notice of the inadvertent or mistaken disclosure.

10. No information that is in the public domain, or which is already known by the receiving party through proper means, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Stipulated Order of Confidentiality.

11. This Stipulated Order of Confidentiality shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Stipulated Order

6685794-1

of Confidentiality is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms. This Stipulated Order of Confidentiality does not alter the Local Rules and case law regarding the Court's obligation to conduct open hearings, or the parties' obligation to file pleadings electronically. The parties further acknowledge that electronic filing system used by the Court permits free and open access for the public. Any petition to seal pleadings, documents, records or testimony must be subject to a separate Order of the Court.

12. This Stipulated Order of Confidentiality shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court, or by the written stipulation of the parties filed with the Court that is then So-Ordered.

13. Upon final conclusion of this litigation, which includes the exhaustion of all appeals and/or expiration of the time within which to file therefor, each party, or other individual subject to the terms hereof, shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material, or in the alternative certify in writing to the producing party that all copies of the Confidential material were destroyed, as well as excerpts, summaries and digests revealing Confidential material. However, counsel for the parties may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Stipulated Order of Confidentiality. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom, and all related proceedings, the party shall file a motion seeking such relief.

14. This Stipulated Order of Confidentiality may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties and so-ordered by the Court. If any provisions of this Stipulated Order of Confidentiality shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

15. All persons described in paragraph 3 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Confidential material and/pr the Confidential information contained therein or the fact that such persons have obtained such Confidential material and information.

Dated: New York, New York
       February 6, 2025

**SULLIVAN & SULLIVAN LLP**

*/s/ Richard J. Sullivan*

Richard J. Sullivan, Esq.
James M. McLaughlin, Esq.
*Attorneys for Plaintiff*
83 Walnut Street
Wellesley, Massachusetts 02841
(781) 263-9400

**CONNELL FOLEY LLP**

*Michael Bojbasa*

Michael J. Crowley, Esq.
Michael Bojbasa, Esq.
*Attorneys for Defendants*
875 Third Avenue, 21st Floor
New York, NY 10022
(212) 307-3700


SO ORDERED.

*Cathy Seibel*  2/6/25

CATHY SEIBEL, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHN POWERS,                                            Civil Action No. 24 CV 05124
                                                                        (CS)
                                Plaintiffs,

    -against-

                                                **EXHIBIT A- AFFIDAVIT**

BLACK & DECKER (U.S.) INC., AND
HOME DEPOT U.S.A., INC.

                                Defendants.
-----------------------------------------------------------------x

I, _____, being duly sworn, declare that:

       1.      My present address is _____

_____.

       2.      My present employer is _____

and the address of my present employer is _____

_____.

       3.      My present occupation or job description is _____

_____.

       4.      I have received a copy of the Stipulated Order of Confidentiality in this action.

       5.      I have carefully read and understand the provisions of the Stipulated Order of Confidentiality.

       6.      I will comply with all of the provision of the Stipulated Order of Confidentiality.

       7.      I will hold in confidence and I will not disclose to anyone not permitted under the Stipulated Order of Confidentiality and will use only for purposes of this action, any CONFIDENTIAL MATERIALS which are disclosed to me. I will take appropriate steps and

assume full responsibility to assure that any other people., e.g. clerical or secretarial personnel, working for me will abide by the Stipulated Order of Confidentiality.

8.    At the end of the litigation, I will return all CONFIDENTIAL MATERIALS that come into my possession, or in the alternative I will destroy all CONFIDENTIAL MATERIALS and certify in writing that I have done so.

9.    I declare further that I understand that if I violate the provisions of the Stipulated Order of Confidentiality, I will be subject to sanctions by the Court and that any party may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Order of Confidentiality in this action.

I certify that the foregoing statements made by me are true.

Executed On: _____           _____
                                                                                Signature

State of _____
County of _____

        SUBSCRIBED AND SWORN to before me this _____ day of _____, 20\_\_\_

_____
NOTARY PUBLIC